SMITH *against* SMITH.

*Lancaster.*

*Saturday,*
May 31.

APPEAL.

When a proceeding was commenced under the act of 1785, to obtain a divorce from bed and board and for alimony, and pending the suit, that act was repealed, and the repealing act provided, that cases pending should be finished under the repealing act, and by the repealing act, there was no divorce from bed and board, or alimony allowed, but a divorce *a vinculo matrimonii* was given for the same causes, held, that the Court might decree a divorce *a vinculo,* but not a divorce from bed and board or alimony.

A decree that the party should not have alimony, held an imperfect decree, and sent back to the Court to give a complete decree or suffer the party to withdraw her petition.

THIS was an appeal from the Court of Common Pleas of *Lebanon* county.

*Fisher,* for the appellant.

*Godwin* and *Elder,* for the appellee.

TILGHMAN C. J. The appellant, *Ann Sybilla Smith,* filed her bill against the appellee, *Peter Smith,* in the Common Pleas of *Lebanon* county, at *May* Term, 1814, praying for a divorce from bed and board, and alimony. At that time, the Court had power to decree a divorce from bed and board, and alimony, for cruel treatment by the husband, by virtue of the act of 19th *September,* 1785, sect. 10. But, pending the suit, án act was passed, 13th *March,* 1815, by by the 14th section of which the act of 19th *September,* 1785, was repealed. There was a proviso, however, that the repeal should not affect any cause then depending, but that the same should be finished and concluded, *under and agreeably to the provisions of the said act of* 13th *March,* 1815. Now, by the provisions of that act, there was no divorce from bed and board, or alimony, allowed; but a divorce *a vinculo matrimonii* was given, for the same causes which authorised a divorce from bed and board, by the 10th section of the act of 1785; consequently the Court might have decreed a divorce *a vinculo matrimonii,* in the appellant's case, but could not have decreed a divorce from bed and board, or alimony. But they decreed only, that that the appellant should *not have alimony,* which is an imperfect decree, and ought not to be considered as final. It has been suggested to us, that the Court below would have decreed a divorce *a vinculo;* but the appellant was unwilling to have such a decree. But of this parol suggestion we can take no notice. I am, therefore, of opinion, that the record should be remitted to the Court below, in order that they may proceed to a final de-

cree; and then they may either make a complete decree, or suffer the appellant to withdraw her petition.

The act which was passed at the last session of the legislature does not affect this case. It restores the power of divorcing from bed and board, and giving alimony, but has no retrospect.

GIBSON J. concurred.

DUNCAN J. The only difficulty arises from the proviso in the 14th section of the act of 13th *March*, 1815, concerning divorces, "that the repeal of the said act shall not affect any "cause or proceeding now pending or commenced, under the "said acts, but the same shall be finished and concluded under "and agreeably to the provisions of this act, nor shall be taken "or construed to affect any proceedings under the poor laws." The former acts, concerning alimony and divorce, were repealed by this section. There is some obscurity in this proviso—some apparent inconsistency; because it first provides, that the repeal of the said acts shall not affect any cause or proceeding now pending, or commenced under the said acts. Had it here ended, the right of alimony, on such previous proceeding would have been secured; but it proceeds to regulate the manner in which it shall be finished and concluded, under and agreeably to the provisions of this act. Now, under the provisions of this act, the whole sentence is changed. Instead of divorce from bed and board, it is *a vinculo*, in which there is no alimony. There is no alternative—no discretion in the Court, to make either the one decree or the other; but the future proceeding is to be finished and concluded, agreeably to the provisions of this act. The proceedings are to go on; that is, the Court are to act on the libel; but this act would finish and conclude them, not agreeably to the provisions of the former act, but of that act. This is fortified by the act of 1817, which allows alimony in this case.

From the 13th *March*, 1815, until the act of 1817, the Court had not power to make any other decree concerning divorces, than a dissolution of the bonds of matrimony, without alimony. That act makes provision for the sentence and decree, without repealing the act of *March*, 1815; consequently the wife, under that act, may apply for a divorce from the bonds of matrimony, in which there can be no alimony, or under the

1817.

SMITH
v.
SMITH.

act of 1817, for divorce from bed and board, and for alimony. When the repealing clause of the act of 1815 intended not to change or alter the course of proceedings, it uses a different language ; " that the act shall not be taken or construed " to affect any proceedings under the poor laws of this Com- " monwealth."

The wife may now ask for a divorce from the bonds of matrimony, a dissolution for ever. In which case, she will not be entitled to alimony, or for a separation from bed and board, with a maintenance from the husband, which is not perpetual, but temporary. On the breaking of the case, my mind struggled to make the decree for divorce from bed and board, and alimony. But, on more deliberation, I am satisfied, this cannot be done, in conformity to any act of assembly. The course of the wife is open. If she is so pleased, she may file a new petition, begin *de novo*, under the act of 1817, and pray for a divorce from bed and board, and for *alimony*. In this case, there is *no* direct or final decree, or disposition of the libel; for there is no decree of divorce, of *any* kind, or denial of it. The appeal, therefore, is to be dismissed.

Appeal dismissed.