## Light *against* Light.

A wife may file her bill for a divorce, *à vinculo matrimonii*, under the act of 1815, or for alimony, under that of 1817, at her election.

CERTIORARI to the common pleas of *Lebanon* county.

This case originated in a petition of *Barbara Light* to be divorced *à vinculo matrimonii* entered into with her husband, *Martin Light*. The causes set out were adultery by the husband, and cruel and barbarous treatment of the petitioner, such as to force her to leave his house. The facts having been traversed, a declaration was filed; to which the respondent pleaded not guilty. The only question determined here arose out of the following points, put to the court below by the counsel for the respondent: the charge of adultery having been abandoned by the libellant.

[Light v. Light.]

1. That the only charge of which the jury have to inquire is, that *Martin Light*, by his cruel and barbarous treatment, has endangered the life of his wife *Barbara*, and offered such indignities to her person, as to render her condition intolerable and burthensome, and thereby forced her to withdraw from his house and family; and that this charge, under the act of the 13th of March 1817, is only cause for a divorce from bed and board, and for alimony; and that the last clause in the first section of the act of the 13th of March 1815, making this charge of cruelty and barbarous treatment a cause for a divorce from the bonds of matrimony, is repealed by the supplement passed the 26th of February 1817.

2. That the court is respectfully requested to charge the jury, that cruel and barbarous treatment, endangering his wife's life, or offering such indignity to her person as to render her condition intolerable, and life burthensome, and thereby forcing her to withdraw from her husband's house and family, is no longer a cause for a divorce from the bonds of matrimony.

The court answered these points in the negative; and the jury found a verdict for the libellant; upon which the court decreed a divorce and separation of the parties from the bonds of matrimony. The respondent appealed, and sued out a *certiorari* to remove the record. The answer to the respondent's points was the assignment of error.

*Norris* and *Wideman*, for appellants.
*Fisher*, for appellee.

PER CURIAM.—We are satisfied that the construction put upon these two acts by Mr Justice *Duncan*, in *Smith* v. *Smith*, 3 *Serg. & Rawle* 248, is the true one; to wit that the wife may file her bill under that of 1815, for a divorce *à vinculo*, or that of 1817 for alimony, at her election.

Judgment affirmed.